FILED

FEB 1 9 2008
Feb 19 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

AO 243 (Rev. 5/85)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| **United States District Court** | District | Northern District | |
|---|---|---|---|
| Name of Movant    Khaled Obeid | Prisoner No. 14164-424 | | Case No. 02-CR-38-2 |
| Place of Confinement    FSL Elkton P.O.BOX 10 Lisbon Ohio 44432 | | | |

UNITED STATES OF AMERICA          v.

(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack ___ District Court

   Northern District of Illinois

2. Date of judgment of conviction ___ August 22, 2006

3. Length of sentence ___ 178 months

4. Nature of offense involved (all counts) ___ Count One: Conspiracy to knowingly and

   intentionally to possess a listed chemical a Schedule II Conrolled Substance

   in violation of Title 21, U.S.C.841(c)(2)and 846. Count Nine: Money Laundering

   in violation of Title 18, U.S.C.1956, §1957 and §1956(h)

08CV 1016
JUDGE MANNING
MAGISTRATE JUDGE VALDEZ

5. What was your plea? (Check one)
   - (a) Not guilty    ☐
   - (b) Guilty    ☒
   - (c) Nolo contendere    ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   _____

   _____

   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   - (a) Jury    ☐
   - (b) Judge only    ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

    (a) Name of court___Seventh Circuit_____

    (b) Result ___Denied_____

    (c) Date of result ___11-29-07_____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

       (2) Nature of proceeding _____

       (3) Grounds raised_____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

       (5) Result_____

       (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

       (1) Name of court _____

       (2) Nature of proceeding _____

       (3) Grounds raised_____

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result_____ N/A _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.         Yes ☐ No ☒
(2) Second petition, etc.      Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: _____ Ineffective assistance of counsel _____

Supporting FACTS (state *briefly* without citing cases or law) _____
See Memorandum

B. Ground two: _____ Ineffective assistance of counsel _____

Supporting FACTS (state *briefly* without citing cases or law): _____
See Memorandum

C. Ground three: _____ Ineffective assistance of counsel _____

Supporting FACTS (state *briefly* without citing cases or law): _____
See Memeorandum

AO 243 (Rev. 5/85)

D.  Ground four:                    Ineffective assistance of counsel

Supporting FACTS (state *briefly* without citing cases or law):

See Memomardum

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a) At preliminary hearing  Mr. William  543 South Dearborn Street Suitr 750

      Chicago Illinois

   (b) At arraignment and plea  Same

   (c) At trial  N/A

   (d) At sentencing  Mary F.DeSloover 407 South Deaborn Street, Suite 1735

      Chicago Illinois 60605

AO 243 (Rev. 5/85)

(e) On appeal _____ Pro-Se _____

_____

(f) In any post-conviction proceeding _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

   (a) If so, give name and location of court which imposed sentence to be served in the future: _____

           N/A _____

_____

   (b) Give date and length of the above sentence: _____

_____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
                               Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

____2 / 11 / 08____
     (date)

_____
                                Signature of Movant

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS


United States of America
        Respondent,


                              Case No.CR-1:02-cr-00038
v.                            Honorable Judge Blanche M.Manning


Khaled Obeid
        Defendant
------------------------------------------------/

                  Motion To Vacate or Set-Aside
             Judgement , Conviction and Sentence
                  Pursuant to 28 U.S.C. §2255


    Now Comes the Defendant, Khaled Obeid pro se, in a 28 U.S.C.
§2255 hereby respectfully submit   that the event which transpired
in the instant case constitues a denial of his rights to effective
assistance of counsel, as protected by the Sixth Amendment of the
U.S.Constitution. In Short, the Defendant requests that the Judgement
and Sentence be set-aside or vacated, based upon Ineffective Assistance
of Counsel.

    The Defendant respectfully asks this Court to liberally construe
this motion and pleading in light of the Supreme Court's ruling
in **Haines v.Kerner**, 404 U.S.519, 30 L.ed 652, 92 S.Ct 594 (1972)
which held that courts have an obligation to construe pro-se
pleadings liberally and afford them the benefit of any doubt raised,

by holding them to less rigid standards than pleadings drafted by
lawyers.

## BACKGROUND

On May 7, 2002, the defendant was indicted for, inter alia,
conspiracy to possess a listed chemical knowing it would be used
to Manufacture a controlled substance, in violation of 21 U.S.C.
§846 and 841(c)(2); and conspiracy to Launder Money, in violation
of U.S.C.§1956. On March 5,2004, the defendant entered into an
agreement with the government in which he pled guilty to the afor-
mentioned charges. Pursuant to the plea, the Court sentenced the
defendant to 178months imprisonment.

Thereafter, Obeid, acting pro se, filed a timely Motion to Correct
Sentence. In that Motion, Obeid complained that: (1) his Criminal
History Score overrepresented the seriousness of his criminal past
and was otherwise incorrect;(2) he is entitled to a greater departure
based on his extraordinary cooperation and the magnitude of his
forfeiture, (3) his conduct in this conspiracy does not lend itself
to a leadership enhancement; (4) he is entitled to an additional
departure based on his family ties, and (5) he is entitled to an
additional departure based on his unusual immigration status.

In a Summary Order, the Court decided that it would not consider
the merits of Obeid's argument. It reasoned, "Obeid is represented
by retained counsel, and therefore motions must be filed by counsel,
not pro se."

Obeid filed a timely Notice of Appeal, Counsel filed an Anders
Brief. Defendant filed a Response to Counsel's Anders Brief.

(2)

On November 29, 2007, the Seventh Circuit issued an Order denying Obeid's Appeal. The Order issued stated that Obeid was barred by his Appeal.

Defendant now brings this 28 U.S.C.2255 motion before this Honorable Court.

## STANDARD OF REVIEW FOR
### INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant, seeking relief under 28 U.S.C.§2255, has the burden to prove his sentence was imposed in violation of the Constitution or laws of the United States. In this case, Defendant alleges ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. **Strickland v. Washhington**, 466 U.S.688,686, 104 S.Ct.2052, 80 L.ed 2d 674(1984). The right to effective assistance of counsel "is a Fundamental right of criminal defendant's, it assures the fairness, and thus the legitimacy, of our adversay process. "**Kimmelman v. Morrison**, 477 U.S.365,374,106 S.Ct.2574, 91 L.ed 2d 305(1986). To succeed with the claim, Obeid must establish both that his Lawyer's performance was deficient and that "but for" that deficiency "there is a reasonable probabilty that.... the result... would have been different." **Strickland**, 466 U.S. 694, 104 S.Ct.2052(1984). Thus, to prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate that (1) counsel's representation fell below an objective standard of reasonableness; and (2) "the deficient performance prejudiced the defense. It is very clear that Strickland analysis applies to

(3)

claims of ineffective assistance of counsel involving counsel's advice offered during the plea bargain process. **Hill v. Lockhart**, 474 U.S. 52,58 106 S.Ct.366, 88 L.ed 2d 203 (1985)

Where a defendant is denied effective assistance by performance of counsel during plea negotiations (counsel's failure to inform defendant of impact of Sentencing Guidelines) the defendant is entitled to the remedy of vacation of sentence and re-sentencing.(**U.S.v.Busse**, 814 F.Supp 760 E.D.Wis.1993)

As has been demonstrated many times in Strickland-type cases "no particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel." Id at 688-689, 104 S.Ct.2052. Rather court's must judge the reasonablness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct Id at 690, 104 S.Ct.2052.

### INEFFECTIVE ASSISTANCE OF COUNSEL DURING PLEA NEGOTIATIONS.

On March 5, 2004, Counsel William Murphy discussed with the defendant about entering into a Plea Agreement with the United States Attorney, Pursuant to Rule 11(c)(1)(c) of the Federal Rules of Criminal Procedure. The agreement embodied provisions where the defendant would enter into the agreement Voluntary and Waive certain rights. During the negotiation process, defendant informed Counsel that he was not proficient in the English Language and was having problems comprehending the Waiver terminology, the Conspiracy theory, the word "proceed" in Count Nine(9), and the sentence he would recieve. The problematic clauses were, Count One(1), page 3 of the

(4)

agreement (conspiracy) which states in part: <u>Count One</u>- Defendant
Obeid admits that from approximately January, 2001 to on or about
January 10, 2002, at Chicago, Bedford Park and Lynwood, in the
Northern District of Illinois, Eastern Division, and elsewhere,
he <u>conspired</u> and agreed with his co-defendants and others, knowingly
and intentionally to possess a listed chemical, namely, pseudoephedrine,
a List 1 chemical, knowing and having reasonable cause to believe that
the listed chemical would be used to manufacture a controlled substance,
namely, mixtures containing a detectable amount of methamphetamine,
a Schedule II Controlled Substance, in violation of Title 21, United
States Code, Section 841(c)(2) and 846.

   <u>Count Nine</u>(9) page 7 States in part: Defendant OBEID admits
that from approximately September, 1998 to on or about January 10,
2002, at Chicago, in the Northern District of Illinois, Eastern
Division, and elsewhere, he <u>conspired</u> and agreed with co-defendants
Khaldon Esawi, Taher Yousef and others to (1) conduct and attempt to
conduct financial transactions involving <u>proceeds</u> of their illegal
pseudoephedrine trafficking, knowing that the property involved
in the transactions represented the <u>proceeds</u> of some form of unlawful
activity, and that the transaction were designed to conceal and
disguise the nature, the location, the source, the ownership and
the control of those <u>proceeds</u> and to avoid transaction reporting
requirements under state or federal law, in violation of Title 18,
United States Code, Section 1956; and (2) to engage in and attempt
to engage in monetary transactions in criminally derived property

(5)

of values of more than $10,00, that were derived from their illegal
pseudoephedrine trafficking, in violation of Title 18, United States
Code, Section 1957, all in violation of Title 18, United States
Code, Section 1956(h).

Page 15 Clause −(k) states in part: Based on the facts known
to the government, defendant OBEID'S criminal history points equal 0
and his criminal history category is 1; and

(1) Defendant OBEID and his attorney and the government acknowledge
that the above calculations are preliminary in nature and based
on facts known to the government as of the time of this Agreement.
Defendant understands that the Probation Department will conduct
its own investigation and that the Court ultimately determines the
facts and law relevant to sentencing, and that the Court's determinations
govern the final Sentencing Guidelines calculation. Accordingly,
the validity of this Agreement is not contingent upon the probation
officer's or the Court's concurrence with the above calculations.
However, pursuant to paragraph 16 of this agreement, the validity
of this agreement is contingent on the Court's concurrence with
the sentence of imprisonment agreed to by the parties in that paragraph,
pursuant to Federal Rule of Criminal Procedure 11(c)(1)(c).

7. Errors in calculations or interpretation of any of the guidelines
may be corrected by either party prior to sentencing. The parties
may correct these errors or misinterpretations either by stipulation
or by a statement to the probation office and/or court setting forth

(6)

the disagreement as to the correct guidelines and their application. The validity of this Agreement will not be affected by such corrections, and the defendant shall not have a right to withdraw his plea on the basis of such corrections.

8. Defendant OBEID understands that the offenses to which he is pleading guilty carry the following maximum penalties:

(a) Count one: a maximum term of 20 years imprisonment; a maximum fine of $250,000; a term of supervised release of at least 2 years and not more than 3 years; and any restitution the Court may order;

(b) Count Nine: a maximum term of 20 years imprisonment; a maximum fine of $500,000 or twice the value of the property involved in the transaction, whichever is greater; a term of supervised release of at least 2 years and not more than 3 years; and any restitution the Court may order.

(c) Therefore, the total potential penalties are a maximum term of 40 years imprisonment; a maximum fine of $750,000 or twice the value of the property involved in the transaction, whichever is greater; a term of supervised release of at least 2 years and not more than 6 years; and any restitution the Court may order.

9. Defendant OBEID understands that in accord with federal law, Title 18, United States Code, Section 3013, upon entry of judgment of conviction, he will be assessed $100 for each count to which he has pled guilty, in addition to any other penalty imposed. Defendant OBEID agrees to pay the special assessment of $200 at the

(7)

time of sentencing with a check or money order made payable to the clerk of the U.S.District Court.

10. Defendant OBEID understands that by pleading guilty he surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial.

Page 18 Clause 11 through 13- States in part: Defendant OBEID understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. His attorney has explained those rights to him, and the consequences of his waiver of those rights. He further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and only may appeal the validity of this plea of guilty.

12. Defendant OBEID is also aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of convictions or the manner in which that sentence was determined, in exchange for the concessions made by the United States in this Plea Agreement.

13. Defendant OBEID also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective

(8)

assistance of counsel, which relates directly to this waiver or
to its negotiation.

Page 15 through 16 States: Defendant OBEID understands that
the United States Attorney's Office will fully apprise the District
Court and the United States Probation Office of the nature, scope
and extent of defendant's conduct regarding the charge against him,
and related matters, including all matters in aggravation and mitigation
relevant to the issue of sentencing.

16. At the time of sentencing, the government shall make known
to the sentencing Judge the extent of defendant OBEID'S cooperation
and, assuming his full and truthful cooperation, shall move the
Court, pursuant to Sentencing Guideline 5k1.1, to depart from the
applicable guidelines range rests solely with the Court. However, this
Plea Agreement is governed, in part, by Federal Rule of Criminal
Procedure 11(e)(1)(c). That is, the parties have agreed that the
Court shall sentence defendant to a term of imprisonment equal to
fifty-five percent of the low end of the applicable guideline range.
Other than the agreed term of imprisonment, the parties have agreed
that the Court remains free to impose the sentence it deems appropriate.
If the Court accepts and imposes the agreed term of incarceration set
forth, defendant may not withdraw this plea as a matter of right
under Federal Rule of Criminal Procedure 11(e)(2) and (4). If,
however, the Court refuses to impose the agreed term of incarceration
set forth herein, thereby rejecting the Plea Agreement, or otherwise

(9)

refuses to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound thereto and the Court shall afford defendant the opportunity to then withdraw the plea of guilty, pursuant to Federal Rule of Criminal Procedure 11(e)(4).

Counsel, after being put on notice by the defendant that he could not comprehend the plea agreement, Counsel proceeded by mis-interperting the agreement. His explaination of the negotiations were the defendant would pled guilty to Count One and Nine only and would Cooperate fully with the government. He stated the word "proceed" in count nine meant "gross income" and that in exchange for the guilty plea and cooperation, the government would agree to seek U.S.S.G. §5k1.1 downward departure. My offense level would be 39, Criminal History 1, resulting in a sentencing range of 262 to 324 months, with a fifty-five (55)percent downward departure of the low end of 262 months and a final sentence of 144months. (See Affadavit of Khaled Obeid)

Under this elucidation defendant agreed to plead guilty to Count One and Nine. Counsel did nothing to resolve defendant Language barrier concerns. Because of this the record reflects a complete language barrier breakdown in numerous proceedings that followed.

On March 5,2004, at 11:30am before the Honorable Judge Blanche M.Manning, the Change of Plea Hearing took place. Defendant was present with his counsel Mr.Murphy when the language barrier emerged.

(10)

**Defendant Comprehension of the English Language.**(Change of Plea
page 14) : " THE COURT: All right. Have you each received a copy
of the indictment?

      Defendant Obeid : Yes
      The Court: And, Mr. Obeid, did you read the indictment?
      Mr. Murphy: Judge, I read it to him, every word.
      The Court: Okay.
      Mr.Murphy: Yes, Your Honor.
      The Court : By the way, do you read English, also, Mr. Obeid?
      Defendant Obeid: Yes, I read English.
      The Court: Okay. But in this instance you had a copy of the
      indictment, and Mr.Murphy assisted you and read the indictment
      to you, is that correct?
      Defendant Obeid: Yeah, that what he told me about yesterday.
      The Court: Okay.
      Mr.Powers: Your Honor, if I may, just to keep the record clear,
      are we discussing the indictment or the plea agreement? What
      was read yesterday was the plea agreement.
      Mr.Murphy: The plea agreement.
      The Court: No, I'm talking about the indictment now.
      Mr.Powers: Yes, Your Honor, and that's why I wanted to make
      sure.   (end quote)

      It's apparent the defendant truly didn't apprehend the
dialouge that was taking place. Although he enounced "he did
understand", adruptly thereafter, the Court realize defendant didn't
read much English at all. On Page 25, The Court:"All right,
Now , Mr. Obeid, I realize that you don't read much English,"

**(Language Barrier #2)** (Page 27 Line 6through 18)

      The Court."Just to be sure you understand what you have agreed
to, I'm just going to ask each of you in your own words to

                              (11)

just briefly tell me what did you agree to do and what the
Government agree to do in exchange for your plea.
Mr.Obeid, do you want to start?
Defendant Obeid: Your Honor, about this, I agree. I agree to
this.
The Court: Okay. You agreed to plead guilty.
Defendant Obeid: I cooperate with the Government.
The Court: Pardon me? Well, do you want to discuss it briefly
with him, Mr.Murphy?
Mr. Murphy: I don't think--he just needs direction." (end quote)

**(Language barrier #3)** (Page 4 through 7)

On April 20,2006, at the Sentencing Hearing~Before The Honorable
Blanche M.Manning.

The Defendant: Yes, I want to hire another attorney. Last year
in January, we came over here and I asked you to have Mr.Murphy
withdraw from my case because he was ineffective counsel.
The Court: In January?
The Defendant: January.
Ms.McClellan: January of 2005, Your Honor.
The Defendant: Yeah, January 14th.
The Court: Oh, okay.
The Defendant: I asked you if you can have Mr.Murphy to withdraw
from my case because he was ineffective counsel. I tried to
reach Bill murphy because there was--I was saying to him about
mistakes in the plea agreement and the indictment that they
have my charge. I tried to discuss it with him, together discuss
it with the U.S.Attorney's office to see what we can do, and
every time he's telling me: I know we have to get you to sign
a plea agreement.

I told him: You brought me the plea agreement on Thrusday
for 12:00 o'clock, and the next day we went in front of the
Judge and signed the plea agreement. You didn't give me time

(12)

to read my plea agreement. You don't let me see that plea
agreement.

   He just told me: I'm going to leave the plea agreement with
you.
The Court: Just a moment. It's difficult for me to believe that
I didn't ask you whether or not you had discussed this matter
with your attorney at the time you entered the plea.
Mr.Power: Your Honor, I was present. Kevin Powers,Your Honor.
I was present representing the United States during the plea.
We could easily get the transcript, but I can assure you that
we did the normal plea colloquy at the time. This is sort of
an ongoing pattern with Mr.Obeid.
The Court: It looks like every time we get ready to proceed
with the sentencing, you want to get a new lawyer.
The Defendant: Yeah, because--
The Court: At the taking of the plea--
The Defendant: I'm not trying to take the plea. I know I plead
guilty. I know I'm guilty.
The Court: What are you trying to do?
The Defendant: We have mistake over here for the charge. I checked
my level 38. I should be at level 30. like I said, this is a
generic cold tablet that was imported from Canada. I didn't
know at the time whether it was pseudophedrine or not pseudoep-
hedrine or anything. When I went in front of Mr.Kevin Powers,
I told him I don't know what that--
The Court: You're saying you said it was cold tablets, right?
The Defendant: Cold tablets, generic cold tablets.
The Court: Okay. Let me interrupt. Have there been any objections
filed to the presentence report?
Ms.Stojkovich: Yes.
The Court: You know, this could go on forever, Mr.Obeid.
The Defendant: I know. I've been locked up 52 months. I'm

(13)

getting crazy. I don't know. I want to get it over with. I
disagree to the level.

The Court: Let me-- I don't quite understand why you're asking
for a new lawyer, though. You're saying you don't have a problem
with the plea agreement.

The Defendant: I'm asking for a new lawyer because she was
representing Albow. You know, when I find out--

The Court: But what does that have to do with anything in light
of the fact that all of those cases have--I don't know. You
tell me. I don't quite understand what you're saying.

The Defendant: Well, I've been telling her about my objections
to what I have in my plea agreement.

The Court: Okay. Albow, that case has been disposed, isn't that
correct?

Ms.McClellan: Correct.

Ms.Stojkovich: Yes, that is correct.

The Court: So I guess I fall to see how there's, indeed, a
conflict now. There's nothing between--nothing that would relate
to both you and Albow. I'm very confused about what you're saying,
and frankly--well. " (end quote)

**(Language barrier #4)** (Page 7 through 8)

Waiver Clause discovered by third Attorney Mary DeSloover,

May 18, 2006, 11:00am Before Honorable Blanche M.Manning.

" Ms.DeSloover: Sure, Judge. There's one issue that I discussed
with Mr.Obeid. He was wondering if he could have a translator
here. Although his English is fairly good, there's a number of
times that words will be used that he doesn't understand because
this is not his original language and because of the severity
and the seriouness of the nature of the offense and what he's
facing.

The Court: I think that's fair enough.

(14)

Ms.McClellan: Your Honor, the Government doesn't have any
objection to the request, but it should be made clear that Mr.
Obeid has gone through extensive proceedings. He's been part
of extensive debriefings by the United States. He has never
expressed any kind of an issue with the English language or
an inability to understand what's being said to him.
The Court: I understand, and that very well may be the case.
But even when I propound questions to him, he does appear to
be a little maybe sometimes confused. So I will abide by that
request.
Ms.DeSloover: Your Honor, just for the record, I'm not saying
that he is indicating that he had a misunderstanding with the
Government, but it's words like "Waived" and things like that
which might have to be explainded to him that I don't quite
feel he picks up right away.
The Court: We'll have an interpreter here just in case he needs
an interpreter. All right? The interpreter can also-- the
interpreter should be in touch with you and perhaps join in
your discussions so that he understands everything that's going
on.
Ms.DeSloover: Thank you, Your Honor.
The Court: It's very important that he understands everything
that's taking place here. "      (end quote)

**(Language barrier#5)**

On March 5, 2004, page 16 Change of plea hearing Before the
Honorable Blanche M.Manning. (Conspiracy theory)

In determing whether the defendant understood "Conspiracy" the
Court ask Attorney Murphy did he explain "Conspiracy to the defendant.

The Court: "okay I take it you explained to him what "conspiring"
meant and that kind of thing?

Mr. Murphy: Oh yes, yes,

(15)

However in a hearing two years later, On April 6, 2006, at
11:30am before the Honorable Manning, His Second Attorney Ms.Stojkovich
realized Murphy never really got through to the defendant the meaning
of Conspiracy. Page 8 line 20: Ms.Stojkovich: The difficulty has
been here Obeid's understanding of what a conspiracy is and how
it was charged and what pills are attributed to Mr.Obeid." (end quote)

In Summary, Courts have ruled where there are several places
in the transcript where the Court reporter noted that defendant's
testimony was untelligible, or when it is otherwise clear that the
defendant's communication with the Court or Counsel is inhibited
by language, an interpreter should be requested. **U.S.v.Johnson**,
248 f.3d 655(7th Cir.2001)

Counsel failure to do so, rendered him ineffective and invalidated
the plea agreement. (Claim of ineffective assistance of counsel
survives waiver if it challenges validity of Plea or Waiver.**U.S.
v.Cockeham**, 237 f.3d 1179(10th Cir.2001)

### LAW AND ARGUMENT

Counsel rendered ineffective assistance when he failed to request
an interpreter during Plea Negotiations, when there is a disabling
language barrier between him and the defendant. **ValaDares v. U.S**,
841 F.2d 1089(11th Cir.1998)

Under **Strickland v.Washington**, 466 U.S.668,(1984), Obeid must
show that Murphy failure to request an interpreter constitued in-
effective assistance and that he, Obeid was prejudiced thereby. The
Strickland standard extends to assistance with guilty pleas. See
**Hill v. Lockhart**, 477 U.S.52,58(1985)

(16)

The likelihood of imprisonment following a guilty-plea conviction demands the Utmost solicitude of which counsel should be capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and its consequence. **Boykin v.Alabama**, 395 U.S.238, 243-44, 89 S.Ct.1709, 1712, 23 L.ed 2d 274, 280 (1969).

The record in this 2255 petition reflects that the defendant was not apprised fully of his constitutional rights, and was not instructed on the rights and privileges by counsel which he waived by entering the guilty plea. An adequate understanding of the English Language is a threshold requirment for a voluntary  plea. In recognition of this, Congress has provided for certified translators for Judicial proceedings involving those not proficient in English. The Court Interpreter Act comes into play whenever a Attorney or presiding judicial officer finds that a defendant's ability to Comprehend the proceedings or communicate with Counsel inhibited by language. 28 U.S.C.§1827(d)

In the instant case Obeid notified Counsel of his inability to proficiently Speak and Understand the English language. Once Counsel was informed that the defendant had problems understanding the terms in the plea agreement, inparticular words like "Waive", Counsel had a duty to ensure the defendant got the benefit of the Act. As soon as Counsel became aware that Obeid was having difficulties grasping the term Waive and major sections of the plea agreement, He should have immediately informed the Court to have a full factual

(17)

inquiry into whether language difficulties in any way inhibited the defendant's comprehension of the proceedings. There is absouletly no indication in the Statue or its legistative history that a defendant must have a "major" language problem. Counsel should have known that Congress Mandated the appointment of interpreters whenever a language handicapped defendants comprehension of the proceedings is impaired because Congress concluded that the appointment of an interpreter represents "a fundamental premise of fairness and due process for all.

Whether the defendant suffers from a Major language problem is irrelevant under the Statute. The only question, and the Sole permissible inquiry of counsel was whether Obeid comprehension impaired for purposes of the plea bargaining proceeding.

Thus, Counsel rendered ineffective assistance.

### INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO RESEARCH CRIMINAL HISTORY BEFORE PLEA NEGOTIATIONS

Deficient Performance.

The performance prong of the ineffective assistance of counsel analysis turns on whether Obeid's attorney failure to learn that Obeid was actually exposed to a potential 324 month low end sentence fell below an objective standard of reasonableness. Defense Counsel has a duty to make reasonable investigation. The investigatory omissions made by Obeid's attorney were numerous. Among the most egregious omissions were counsel's failure to obtain Obeids Rap Sheet, and failure to seek sufficent information from Obeid about his prior misdemeanor.

(18)

Informed only by his limited knowledge of his criminal record Obeid's counsel advised him during plea negotiations that his criminal history category was 1, base offense level 39, resulting in a Sentencing Range between 262 to 324, with 55% downward departure of the Low end of 262 months and a final sentence of 144 months. Counsel confirm this the next day during the (Change of Plea) hearing on March 5, 2004, Page 31 through 32. The Court: In that connection there are two important or significant numbers. One relates to the offense level, and the other relates to the criminal history category. Do I understand correctly that neither has background?

Mr.Powers: That's correct Judge.

Mr.DiNatale: Correct, Your Honor.

The Court: So the criminal history category is 1, is that correct?

Mr.Murphy: Correct.

However, Obeid actual exposure under the Sentencing Guidelines was determined to be a Criminal history III, base offense level 39, guideline range of 324 to 405, with a 55% downward departure at the low end of 324, equaled a sentence of 178 months.[fn:1] Had defendant known his true sentencing exposure he would have not plead guilty. Attorney underestimation of client's sentencing exposure by ( 34 ) months would represent deficient performance and prejudice.See **U.S.v.Herra**, 412 F.3d 577(5th Cir.2005)

Fn:1- Counsel further rendered ineffective assistance when he failed to object to PSI and Court mistakenly stated that at the ime the instant offense was committed, the Defendant was on supervison , for two separate offenses. In fact, Defendant was only on supervison for one offense. Defendant was given an additional point for a misdemeanor offense which the Defendant satisfactorily terminated supervison on March 30,2001. Consequently, Defendant was given 4 criminal history points when he only agreed to one criminal history point. Counsel should have objected to this double counting which is prohibited under the guidelines. See **U.S.v.Hazelwood**, 398 F.3d.792(6th Cir.2005)

Several Circuits have held that failure to investigate Sentencing Law before entering Plea Negotiations falls below objective standards of reasonableness under prevailing professional standards. See **Mason v.Balcom**, 531 F.2d 717(5th Cir.1976)(Counsel provided ineffective assistance for rushing into plea without investigation) **Bakerv.Barbo**, 177 f.3d 149(3rd Cir.1999)(Counsel's ignorance of Sentencing Law during Plea Negotitations was objectively unreasonable professional assistance) **Esslinger v.Davis**, 44 f.3d 1515(11th Cir.1985)

Counsel's recommendantion of guilty plea subjected the defendant to an enhanced penalty under habitual offender statute was prejudicial because given without adequate investigation of defendant prior criminal history.**U.S.v.McCoy**, 215 F.3d 102, 108(D.C.Circuit 2000) (Counsel's failure to correctly apply sentencing guidelines in advising defendant to plead guilty was prejudicial because defendant would not have accepted plea had he known true length of sentence).

A defense counsel is absolutely Obligated to research Law before Plea Bargaining. Because the Sentencing Guidelines was a critical, as in this case, dominat facet of the negotiation proceedings, we can say, however, that familiarity with the structure and basic content of the Guidelines including the definition and implications of criminal history, was a neccessity, for counsel who seek to give a effective representation. See **U.S.v.Day**, 969 f.2d 39 (3rd Cir.1992) The Failure of a defense counsel to, as here, investigate the defendant Criminal History constitutes a Sixth Amendment violation

(20)

of the right to Counsel. See <u>Strickland</u>, supra

The remedy for such violation is to allow the defendant to withdraw his plea.

The Law of the Seventh Circuit is not different. When assessing counsel's, performance, the 7th Circuit have noted that a reasonably competent lawyer will attempt to learn all of the relevant facts of the Case, make an estimate of a likely sentence, and communicate the results of the analysis to the client before allowing the Client to plead guilty. <u>U.S.v.Cieslowski</u>, 410 f.3d 353(7th Cir.2005) <u>U.S.v.Martinez</u>, 169 f.3d 1049(7th Cir.1999) <u>U.S.v.Barnes</u>, 83 f.3d 934, 939(7th Cir.1996).

### COUNSEL PROVIDED INEFFECTIVE ASSISTANCE FOR MISINTERPERTING THE LAW DURING PLEA NEGOITATIONS

During Plea Negoitations on Count Nine(9) counsel misinterperted the Law by explaining to the defendant that the Word "Proceed" in §1956(a)(1) meant gross income.

Section 1956(a)(1)(a)(i) provides as follows: Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conduct or attempts to conduct such a finantcal transaction which in fact involves the proceeds of specified unlawful activity-(a)(i) with the intent to promote the carrying on of specified unlawful activity... Shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, or imprisonment for not more than twenty years, or both. For purposes of this paragraph, a finanical transaction shall be considered to

(21)

be one involving the proceeds of specified unlawful activity if it
is part of a set of parrallel or dependent transactions, any one of
which involves the proceeds of specified unlawful activity, and all
of which are part of a single plan or arrangement.

Thus, to convict Obeid of Money Laundering, the government had
to prove that he knowingly conducted or attempted to conduct a
financial transaction; that the property involved in the financial
transaction in fact involved the proceeds of pseudoephedrine trafficking;
that he knew that the property involved in the financial transaction
represented illegal proceeds; and that he engaged in the financial
transaction with the intent to promote the carrying on the pseudoeph-
edrine.

Counsel failure to research the law as it relates to the meaning
of "Proceeds" in 1956(a)(i) caused the defendant to plead guilty
and forfeit over 10,000,000 (dollars) in cash and property. Had
defendant known the true meaning of "Proceed" mention in Count Nine(9)
given by the Seventh Cicuit he would have not plead guilty.

The Senventh Circuit in **U.S.v.Scialabba**, 282 F.3d 475(7th Cir.2002)
stated that "Proceeds" in 18 U.S.C.§1956(a)(1) meant "Net Income"
and not "Gross Income". See also **U.S.v.Malone**, 484 f.3d 416(7th Cir.2007)

Thus, Obeid was only required to foreit the 1.5million dollars
that was the Net Income of the Illegal Proceeds. During the Change
of the Plea Hearing on page 42 the government clearly stated that
Obeid "Net Income" of the total Conspiracy was approximately 1.5
million. Nothing in the record reflects the government could prove

(22)

that Obeid Money  Laundered over 10,000,000 dollars. Counsel misinterpertation of the Law caused Obeid to Forfeit over 10,000,000 of "Gross Income" from his legitimate business Harlem Motors. Under the Sixth Amendment counsel had a duty to research the Law before Plea Negotiations. **U.S.v.Coffman**, 761 Fd. Supp 1493(D.Kan.1991) (Failure to research law before Plea Negotiations Constitute ineffective assistance of counsel).

Counsel failure to properly interpret the law invalidated the plea negotiations and its agreement. **U.S.v.Bradley**, 381 f.3d 641 (7th Cir.2004) (Plea invalid because general confusion and misinterpretation of the Nature of Charge)

Thus, defendant Plea should be withdrawn.

### OBEID PLEA TO COUNT ONE AND NINE SHOULD BE WITHDRAWN DUE TO NOT BEING KNOWINGLY, INTELLIGENT, AND VOLUNTARILY MADE.

The assertions are explicit that Obeid did not knowingly, intelligently, and voluntarily, entered into the Rule 11(c)(1)(c) plea agreement. The failure of his Counsel to convey understanding of the "Waiver" and the nature of the plea agreement rendered the plea of guilty invalid. **U.S.v.Murdock**, 398 f.3d 491(6th Cir.2005) (Waiver invalid because parties failed to ensure he understood waiver). Defendant whose plea agreement contained a waiver of appeal may always avoid a waiver on limited grounds that the Waiver of Appeal itself was tainted by the ineffective assistance of counsel.**U.S.v.White**, 307 f,3d 336(5th Cir.2007)

(23)

Futhermore, Obeid Counsel failure to give real notice of his true sentencing exposure and the nature of the charges against him is insufficient to symbolize a plea of guilty to be knowlingly, and voluntarily made. See **Brady v.U.S,** 397 U.S. 742,748(1970), where the Supreme Court ruled that a plea of guilty is constitutionally valid only to the extent it is "voluntary" and "intelligent"; and also where the Court recognized that a plea does not qualify as intelligent unless a criminal defendant first recieves "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process. **Smith v.O'Grady**, 312 U.S.329(1941).

Unless the defendant fully Comprehends the elements of the Crime to which he is confessing, "his plea cannot be said to have been knowingly and voluntary entered". **U.S.v.LeDonne** , 21 f.3d 424(7th Cir.)

A defendant full comprehension of criminal proceedings implicates cherished constitutional values.**U.S.v.Lim**, 794 f.2d 469(9th Cir.)

Obeid failure to understand, the language in the plea agreement lead to the most serious of consequence.

### PLEA NOT KNOWINGLY, INTELLIGENT AND VOLUNTARY MADE.

Federal Rule of Criminal Procedure Rule 11(c)(1) provides that before accepting a guilty plea, the Court must, in part, "inform the defendant of, and determine that the Mandatory Minimum Penalty provided by law, if any and the Maximum possible by law. It requires Courts to assure itself simply that the conduct to which the defendant

(24)

admits is in fact an offense under the Statutory Provision under which he is Pleading Guilty.

A Rule 11 violation occurs where a defendant is provided with a mix of information that inaccurately set forth "the nature of the charge to which a plea is offered, the Mandatory Minimum penalty provided by law... and the maximum possible penalty provided by law.

In the instant case Counsel allowed for this violation to occur during plea negotiations and at the Change of Plea Hearing. The Plea agreement on page 16 stated in part: (a) Count One: a maximum term of 20 years imprsionment; a maximum fine of $250,000; a term of supervised release of at least 2 years and not more than 3 years; and any restitution the Court may order;

Count Nine: a maximum term of 20 years imprisonment; a maximum fine of $500,000 or twice the value of the property involved in the transaction.

At the Change of Plea Hearing on page 30, the violation occurred again. The Court: Okay. Let me talk for a moment about the statutory penalties are and then we'll talk about what the sentencing guidelines provide. The Statutory maximum penalty for Count 1 is 20 years, a $250,000 fine--. Then for Count 9, the maximum period of incarceration is 20 years, a maximum fine of $500,000.

Obeid states that because he was not informed of these facts, he was not in a position to make a knowing and rational Choice about pleading guilty. **U.S.v.Harrington**, 354 f.3d 178(2nd Cir.2004)

(25)

(Because minimum sentence represents such a strong inducement to
plea, where a defendant has been informed, as Main was, that he is
facing such a sentence, that information is presumptively signigicant
in the defendant's decision making) **U.S.v.DeJesus Abad**, 263 f.3d
58(2nd Cir.2001)(district court must inform defendant at a plea
allocution of Maximum and Minimum possible penalties for charged
offense). **U.S.v.Fernandez**, 205 f.3d 1020(7th Cir.2000)(Court's failure
to advise defendant of mandatory minimum penalty constituted reversible
error).

The resolution for such violation is to allow the defendant to
withdraw the plea. See **U.S.v.Hourhan**, 936 f.2d 508(11th Cir.1991)
**U.S.v.Rumery**, 698 f.2d 764(5th Cir.1983)(defendant was deprived of
effective assistance of counsel and his guilty plea was not knowingly,
and intelligently made, therefore his guilty plea should be withdrawn
and defendant may plead as he chooses)

The deficiency of counsel's performance above clearly shows
that his representation fell below an objective standard of reasonableness.
The inquiry for this reviewing court is "whether counsel's assistance
was reasonable considering all the circumstances, and Judicial
scrutiny of the attorney's performance must be highly deferential.

The Supreme Court clarified the applicable burden of proof as
one which demonstrates "that there is a reasonable proability that,
but for counsel's unprofessional errors, the result of the proceeding
would have been different". A reasonable probability is a probability

(26)

sufficient to undermine the confidence in the outcome. Obeid contends that in the instant case that burden has been met times over and will herein rely chiefly for (Cause): 1) Ineffective assistance of counsel for failure to request an interpreter during plea negotiations. (Cause):2) Failure to research Criminal history points. (Cause):3 Failure to explain the Nature of Charges.(Cause):4 Failure to make sure plea agreement and Court complied with Federal Rules of Criminal Procedure Rule 11.

Therefore, this case is a textbook example of total ineffective assistance of counsel that (prejudiced) Obeid.

Obeid is entitled to a hearing on his motion to Vacate his plea because of his allegations. See **Blackledgev.Allison**, 97 S.Ct.1621, 1629-30(1977): In administering to writ of habeas corpus and it's 2255 counterpart, the federal courts cannot fairly adopt a per se rule excluding all possibilty that a defendant's representation at the time his guilty plea was accepted were so much the product of such factors as misunderstanding, duress, or misrepresentation by inadequate basis for imprisonment.

Therefore, in the interest of justice, this case cries out for the Court to Vacate Obeid's plea.

Date.    2 / 11 /08                    Respectfully Submitted

                                       *Khaled Obeid*

(27)