# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1016 (02 CR 38) | **DATE** | February 29, 2008 |
| **CASE TITLE** | *Obeid v. United States* | | |

**DOCKET ENTRY TEXT:**

Mr. Obeid has filed a pro se § 2255 motion. Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court's preliminary review indicates that Mr. Obeid's motion plainly shows that he is not entitled to relief. The court thus denies his request for relief under § 2255. All other pending motions are denied as moot, and the clerk is directed to terminate this case from the court's docket.

■[ For further details see text below.]

## STATEMENT

The court has reviewed Mr. Obeid's pro se § 2255 motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. The plea agreement entered in this case contains a waiver which preserves Mr. Obeid's ability to raise "a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or its negotiation." Docket No. 284 at ¶ 13. In
his § 2255 motion, Mr. Obeid first argues that his counsel rendered ineffective assistance during plea negotiations because Mr. Obeid's grasp of the English language did not enable him to understand the negotiations and counsel did not obtain an interpreter. Similarly, he argues that counsel was ineffective during his change of plea hearing due to this alleged language barrier and that the language issues made his plea involuntary. Next, Mr. Obeid contends that his counsel is responsible for alleged errors regarding the computation of his sentence. Finally, Mr. Obeid asserts that his lawyer was ineffective because he provided incorrect advice during plea negotiations in connection with property that was subject to forfeiture.

*Standard of Review*

"In order to make out a claim for ineffective assistance of counsel in the context of a guilty plea, a defendant must show (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial." *Bethel v. U.S.*, 458 F.3d 711, 716 (7th Cir. 2006). (continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

**STATEMENT**

*Discussion*

With respect to the alleged problems relating to Mr. Obeid's ability to understand English during plea negotiations and at his plea, the extent of Mr. Obeid's linguistic abilities was addressed in his direct appeal. *See United States v. Obeid*, No. 06-3426 (7th Cir. Nov. 29, 2007) (unpublished order). Specifically, Mr. Obeid's counsel filed an *Anders* brief and Mr. Obeid also filed a brief. Counsel informed the Seventh Circuit that Mr. Obeid "wishes to argue that his guilty pleas should be set aside on the ground that he does not understand English and there was no interpreter present at the plea colloquy." *Id*. at 2. The Seventh Circuit rejected this claim, stating:

> The district court has wide discretion to determine whether an interpreter is necessary for a defendant who primarily speaks a language other than English. *United States v. Febus*, 218 F.3d 784, 791-92 (7th Cir. 2000). At the start of the plea colloquy, the court noted that English is not Obeid's first language and asked if he would like an interpreter. Obeid declined, explaining that he understood what the court was saying and that he did not need an interpreter. Obeid's counsel confirmed that he had no difficulty communicating with his client in English. The prosecutor noted that Obeid, who was cooperating with government agents, is fluent in English and had declined all prior offers to have an interpreter present. The complete transcript of the plea colloquy confirms that Obeid answered all of the court's questions without hesitation or any hint of misunderstanding. Accordingly, counsel correctly concludes that it would be frivolous to argue that the absence of an interpreter prevented Obeid from entering voluntary guilty pleas. *See, e.g., Nunez v. United States*, 495 F.3d 544, 546 (7th Cir. 2007).

*Id*.

This is entirely consistent with the court's recollection of this plea colloquy. *See* Transcript of Proceedings at 5-6 (N.D. Ill. Mar. 5, 2007) (counsel for Mr. Obeid agreed that although English is not his client's first language, Mr. Obeid speaks and understands English fluently and rejected an offer of an interpreter); 7 (Mr. Obeid expressly rejected an offer of an interpreter at the hearing and affirmed that he could understand what was being said); 14, 26-29 (discussing Mr. Obeid's communications with his attorney about the plea); 36-37 (Mr. Obeid's summary of the events leading up to his indictment).

When a claim was raised on direct appeal and rejected by the appellate court, that claim cannot be relitigated via a § 2255 motion "unless an intervening change in law or some other special circumstance" supports a reexamination of the issue. *United States v. Mazak*, 789 F.2d 580, 581 (7th Cir. 1986); *see also Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995) (an issue already decided at trial or on direct appeal may not be relitigated in a § 2255 motion). Here, the Seventh Circuit determined on direct appeal that Mr. Obeid's alleged inability to communicate in English was not a valid basis to withdraw his plea and did not invalidate the waiver of the right to appeal. The fact that Mr. Obeid may have asked for an interpreter during earlier court proceedings is irrelevant, as he expressly rejected the services of an interpreter during his plea hearing and unsuccessfully argued on direct appeal that his plea was defective due to the lack of an interpreter. This leaves Mr. Obeid with a § 2255 motion that raises an issue already decided on direct appeal. Mr. Obeid's § 2255 motion does not point to any intervening change in the law or new special circumstances. Thus, he may not relitigate the validity of his plea agreement based on his alleged inability to understand English in his § 2255 motion.

(continued)

**STATEMENT**

Next, Mr. Obeid raises several arguments regarding the computation of his sentence. However, Mr. Obeid expressly acknowledged in the plea agreement that the court would make the final determination of his advisory guideline range. *See* Plea Agreement (docket no. 284) at ¶ 6. Mr. Obeid also waived his right to appeal any sentence within the statutory maximum, as well as his ability to appeal any issue other than "involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or its negotiation." *See* Plea Agreement (docket no. 284) at ¶¶ 12-13. Mr. Obeid received a sentence falling more than five years below the statutory maximum, and challenges to his sentence do not relate to the waiver of the right to appeal or its negotiation. Hence, the waiver bars any claims about Mr. Obeid's sentence. *See, e.g., U.S. v. Lockwood*, 416 F.3d 604, 607-08 (7th Cir. 2005) (a knowing and voluntary appeal waiver is binding). In any event, the court notes that on direct appeal, Mr. Obeid's counsel's *Anders* brief raised the issue of whether there was any basis to attack Mr. Obeid's sentence. The Seventh Circuit found that any such challenge would be frivolous.

Finally, according to Mr. Obeid, his trial counsel was ineffective because counsel allegedly provided incorrect advice during plea negotiations in connection with property that was subject to forfeiture. As with the preceeding claim, this contention does not relate to the waiver of the right to appeal or the negotiation of the waiver. Thus, it is barred.

For all of the above reasons, therefore, the court's preliminary review indicates that Mr. Obeid's motion plainly shows that he is not entitled to relief. Accordingly, the court thus denies his request for relief under § 2255.