IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

FILED
Mar 18, 2008
MAR 1 8 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

United States of America
    Respondent,

v.

Khaled Obeid
    Defendant

08-CV-01016
Civil No.1:08-CV-01016

Honorable Judge Blanche Manning

## APPLICATION FOR CERTIFICATE OF APPEALABILITY
## NOTIICE OF APPEAL

Petitioner, Khaled Obeid pro se, request the Court to issue a Certificate of Appealability in compliance with 28 U.S.C.§2253(c)(1) and Federal Rule of Appellate Procedure 22(b).

### STANDARD FOR ISSUANCE

In **Barefoot v. Estelle**, 463 U.S. 800 (1983), the Supreme Court set forth what must be contained in an application for a Certificate Appealability. An application, and any resulting Certificate, must set forth the Specific issue or issues that satisfy the requirement that the appellant make a Substantial Showing of the denial of a constitutional right.

Under **Barefoot**, such certificate of probable cause to Appeal should be granted if the Petition for habeas corpus raises issues which involve the denial of a federal right and are debatable among jurists of reason,

(1)

or such that a Court could resolve the issues differently. 28 U.S.C. §2253(c)(1) requires that the appellant to make a "Substantial Showing of a constitutional right."

The constitutional issue which was denied by the district court and which will be presented on appeal is : Whether the Ineffective Assistance of Counsel claims raised by the Petitioner were barred by a Waiver of Appeal Clause in his plea agreement. As explained further below, the Standard under §2253 is met as this Resolution of this issue is debatable among jurists of reason, such that different courts could resolve the issue differently.

## PROCEDURAL HISTORY

The matter came before the Court for consideration of the Petitioner's application for habeas corpus relief under 28 U.S.C. Section 2255. The petitioner's pro se habeas claim alleges that his Counsel rendered Ineffective Assistance of Counsel for failure to request an interpreter during "Plea Negotiations". (2) Failure to research Criminal history points during the Negotiations. (3) Failure to explain the Nature of Charges (4) Failure to make sure the plea agreement Complied with Federal Rules of Criminal Procedure 11.

The case commenced as a criminal prosecution by indictment on May 7, 2002, in which the Petitioner was charged with conspiracy to possess a listed chemical knowing it would be used to Manufacture a controlled substance, in violation of 21 U.S.C.846 and 841(c)(2); and conspiracy to Launder Money, in violation of U.S.C.§1956.

The criminal matter was concluded by plea of guilty, which was

(2)

followed by an Appeal to the Seventh Circuit Court of Appeals, where the case was affirmed based upon Obeid Appeal Waiver in his plea agreement. The petitioner then filed a pro se habeas petition, generally alleging ineffective assistance on the Issues noted above. Specifically, Petitioner filed a motion under 28 U.S.C.§2255 to withdraw his plea, based upon ineffective assistance of counsel during plea negotiations which related directly to the Waiver. On February 29, 2008, Petitioner's request for relief was denied because of the Waiver in the plea agreement.

### BASIS FOR ISSUING CERTIFICATE OF APPEALABILTY

The issues proposed for appeal and the arguments in support are as follows:

#### WHETHER THE DEFENDANT INEFFECTIVE ASSISTANCE CLAIMS RELATED TO THE WAIVER OF APPEAL AND ITS NEGOTIATION

The defendant produced substantial evidence suggesting that his Counsel was ineffective during the Plea Negotiations process, which related directly to the Waiver of Appeal. Obeid proved that his Counsel failure to convey to him an understanding of the Waiver terminology in the plea agreement rendered Counsel Assistance Ineffective and the plea involuntary. Counsel had a duty to inform the Court that the defendant didn't comprehend the Waiver Clause in the plea agreement. While the Courts Order herein rejects that the defendant didn't understand the Waiver because of language barrier, the record reveals on many occasions where the Court changed its position on whether Obeid truly understood Certain terminology as it related to the plea agreement.

(3)

It is thus reasonably debatable whether the Waiver of Appeal should be enforceable.

Other Courts agree that a Waiver of Section 2255 rights does not automatically preclude a defendant from raising ineffective assistance of counsel claims in a post Conviction Motion. See **United States v. Henderson**, 72 f.3d 463, 465 (5th Cir.1995)(dissmissal of an Appeal based on Waiver in the plea agreement is inappropriate where the defendant's Motion to Withdraw the plea incorporates a Claim that the plea agreement generally and the defendant's Waiver of Appeal Specifially, were tainted by ineffective assistance of counsel's)

In Defendant's Section 2255 Motion, Obeid argued that Counsel failure to request an interpreter to explain the Waiver terminology before the signing of the Plea Agreement rendered the whole plea negotiations process invalid and his counsel performance deficient as required by the Sixth Amendment of the United States Constitution.

Thus, the Motion at least facially claimed that Obeid decision to enter into the plea agreement and Waive his Appeal Rights was not knowing and was involuntary as a result of ineffective assistance of counsel. The District Court, therefore erred when it denied the Motion without discussion, citing only to the plea agreement waiver and a errorenous statement that the defendant is trying to relitigate issues address on direct appeal[FN:1] and that any application for such relief should be barred and dismissed.

---

FN:1- It should be noted that the defendant did not raise any type of ineffective assistance of counsel on direct appeal. The Court errorenously construed his agreement of counsel failure during the Negotiations of the Plea agreement to convey an understanding of the Waiver of Appeal Language as one raised by his appeal counsel argument in her Ander's brief to dismiss Obeid Appeal.

(4)

Dissmissal of a Section, 2255 motion on the basis of a Waiver in the agreement is inappropiate when the defendant's claims of ineffective assistance relates to the negotiation of, and entry into, the plea agreement and Waiver. The Seventh Circuit addressed a simiarly sitituation in **Jones**, where the Court firmly stated that "Justice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a cooperation agreement cannot be barred by the agreement itself, the very product of the alleged ineffectiveness. Thus, It is intuitive that in these circumstances the Waiver is ineffective against a challenge based on involuntariness." **Jones v.U.S**, 167 F.3d 1142(7th Cir.1999)

    Under **Barefoot**, the Defendant is entitled to certificate of appealabilty because this issue involves the denial of a Federal Right and is debatable among jurists of reason, and is such that a different court could resolve the issues differently.

*Khaled OBeid* 3/12/08

(5)

## CERTIFICATE OF SERVICE

I, Khaled Obeid, swear under penalty of perjury that I served a copy of the attached document on U.S. Attorney for the Northern District of Illinois 219 South Dearborn Street, Room 500, Chicago Illinois 60604 by placing it in the mail at the FSL Elkton Facility on March 13, 2008.

*Khaled Obeid*
Khaled Obeid

(6)

# SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal. Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER: 08cv1016

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| USA (appellee) | | Khaled Obeid (appellant) |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | Marsha A. McClellan | Name | Khaled Obeid |
| Firm | U.S. Atty's Office | Firm | PRO SE #14164-424 |
| Address | 219 South Dearborn Street Suite 500 Chicago, IL 60620 | Address | NEOCC, North E. Ohio Corr. Center 2240 Hubbard Rd Youngstown, OH 44501 |
| Phone | (312) 353-5300 | Phone | N/A |

| Other Information | | | |
|---|---|---|---|
| District Judge | Manning | Date Filed in District Court | 2/19/08 |
| Court Reporter | P. Mullen (5565) | Date of Judgment | |
| Nature of Suit Code | 510 | Date of Notice of Appeal | |

COUNSEL:   Appointed [ ]   Retained [ ]   Pro Se [X]

FEE STATUS:   Paid [ ]   Due [ ]   IFP [ ]

IFP Pending [ ]   U.S. [ ]   Waived [X]

Has Docketing Statement been filed with the District Court Clerk's Office?   Yes [ ]   No [X]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

Granted [ ]   Denied [X]   Pending [ ]

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).   Rev 04/01**

Additional Counsel

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | | Name | |
| Firm | | Firm | |
| Address | | Address | |
| Phone | | Phone | |

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | | Name | |
| Firm | | Firm | |
| Address | | Address | |
| Phone | | Phone | |

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | | Name | |
| Firm | | Firm | |
| Address | | Address | |
| Phone | | Phone | |

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | | Name | |
| Firm | | Firm | |
| Address | | Address | |
| Phone | | Phone | |

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | | Name | |
| Firm | | Firm | |
| Address | | Address | |
| Phone | | Phone | |

APPEAL, TERMED, VALDEZ

# United States District Court
## Northern District of Illinois − CM/ECF LIVE, Ver 3.2.1 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:08−cv−01016
*Internal Use Only*

| | |
|---|---|
| United States Of America v. Obeid<br>Assigned to: Honorable Blanche M. Manning<br>Cause: 28:2255 Remedies on motion attacking sentence | Date Filed: 02/19/2008<br>Date Terminated: 02/29/2008<br>Jury Demand: None<br>Nature of Suit: 510 Prisoner: Vacate Sentence<br>Jurisdiction: U.S. Government Defendant |

**Plaintiff**

| | | |
|---|---|---|
| **United States Of America** | represented by | **Marsha A. McClellan**<br>United States Attorney's Office (NDIL)<br>219 South Dearborn Street<br>Suite 500<br>Chicago, IL 60604<br>(312) 353−5300<br>Fax: (312) 353−4324<br>Email: marsha.mcclellan@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**AUSA**<br>United States Attorney's Office (NDIL)<br>219 South Dearborn Street<br>Suite 500<br>Chicago, IL 60604<br>(312) 353−5300<br>Email: USAILN.ECFAUSA@usdoj.gov<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **Khaled Obeid** | represented by | **Khaled Obeid**<br>#14164−424<br>NEOCC<br>North East Ohio Correctional Center<br>2240 Hubbard Road<br>Youngstown, OH 44501<br>PRO SE |

| Date Filed | # | Docket Text |
|---|---|---|
| 02/19/2008 | 1 | MOTION to vacate, set aside or correct sentence and no copies filed by defendant Khaled Obeid. (02cr38−2) (vmj, ) (Entered: 02/20/2008) |
| 02/19/2008 | 2 | CIVIL Cover Sheet (vmj, ) (Entered: 02/20/2008) |
| 02/19/2008 | 3 | AFFIDAVIT of Khaled Obeid.(vmj, ) (Entered: 02/20/2008) |
| 02/19/2008 | 4 | POST MARKED envelope for initiating document by Khaled Obeid (Document not scanned) (aew, ) (Entered: 02/21/2008) |
| 02/29/2008 | 5 | MINUTE entry before Judge Blanche M. Manning :. Obeid has filed a pro se § 2255 motion. Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court's preliminary review indicates that Mr. Obeid's motion plainly shows that he is not entitled to relief. The court thus denies his request for relief under § 2255. All other pending motions are denied as |

| | | |
|---|---|---|
| | | moot, and the clerk is directed to terminate this case from the court's docket. Civil case terminated. Mailed notice (jms, ) (Entered: 02/29/2008) |
| 02/29/2008 | 6 | ENTERED JUDGMENT Mailed notice(jms, ) (Entered: 02/29/2008) |
| 03/18/2008 | 7 | APPLICATION by Defendant Khaled Obeid for certificate of appealability. (air, ) (Entered: 03/20/2008) |
| 03/18/2008 | 9 | POST MARKED envelope for notice of appeal by Khaled Obeid (Document not scanned) (aew, ) (Entered: 04/18/2008) |
| 03/18/2008 | 11 | NOTICE of appeal by Khaled Obeid regarding orders 7 fee waived. (Document construed as Notice of Appeal per USCA request) (air, ) (Entered: 06/02/2008) |
| 04/10/2008 | 8 | MINUTE entry before Judge Honorable Blanche M. Manning: Mr. Obeids motion for issuance of a certificate of appealability 7 is denied. With respect to Mr. Obeids appeal from the denial of § 2255 relief, the court notes that it must consider any requests for leave to proceed in forma pauperis on appeal in the first instance. This means that if Mr. Obeid wishes to seek leave to proceed on appeal in forma pauperis, he must file a appropriately supported motion with this court, as opposed to the appellate court.Mailed notice (rth, ) (Entered: 04/10/2008) |
| 05/09/2008 | 10 | DESIGNATION of Marsha A. McClellan as U.S. Attorney for Plaintiff United States Of America (McClellan, Marsha) (Entered: 05/09/2008) |